IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES, | No. C 15-0371 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| OFFICER MCGRAY, et al., | |
| Defendants. | |

Plaintiff, a jail inmate in Shreveport, Louisiana, has filed this pro se civil rights case. When, as here, jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff's claims arise from events that took place in Shreveport, and he sues

1 defendants located there.  Shreveport lies within the venue of the United States District
2 Court for the Western District of Louisiana.  Accordingly, pursuant to 28 U.S.C. §
3 1406(a), the case is DISMISSED without prejudice to refiling in the Western District of
4 Louisiana.  The Clerk's deficiency notice (docket number 2) is VACATED.

IT IS SO ORDERED.

DATED:  February 13, 2015

_____
JEFFREY S. WHITE
United States District Judge